STATE OF CONNECTICUT *v.* MICHAEL BARILE
(AC 18418)

Lavery, Sullivan and Daly, Js.

Argued April 28—officially released September 14, 1999

*Jeremy N. Weingast*, for the appellant (defendant).

*Robert M. Spector*, deputy assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *John H. Malone*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

DALY, J. The defendant, Michael Barile, appeals from the judgment of conviction, rendered after a trial to the court, of risk of injury to a child in violation of General

Statutes (Rev. to 1993) § 53-21.[1] On appeal, the defendant claims that the trial court improperly admitted (1) testimony of a social worker concerning hearsay statements made to her by victim[2] X and (2) testimony of victims X and Y concerning the respective hearsay statements that they made to each other under the excited utterance exception to the hearsay rule. We affirm the judgment of the trial court.

The trial court reasonably could have found the following facts. In December, 1990, the defendant married the mother of X and Y, who were born on March 25, 1985, and January 26, 1988, respectively. During their marriage, the defendant and the victims' mother separated on several occasions and lived apart between November, 1993, and January, 1995. The couple separated permanently in February, 1995, before divorcing on December 15, 1996. They had one child together, G, born March 22, 1991.

In May, 1991, the defendant, who worked at night, began caring for the children during the day while his wife worked. In November, 1991, the family moved to Windsor Locks and resided there until February, 1993. While residing there, the defendant physically abused X by pulling her hair and punching her in the hands, arms and head with a closed fist. Additionally, on one occasion, the defendant took photographs of X and Y while they were naked in the bathtub.[3] Fearing reprisal

[1] General Statutes (Rev. to 1993) § 53-21 provides: "Any person who wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that its life or limb is endangered, or its health is likely to be injured, or its morals likely to be impaired, or does any act likely to impair the health or morals of any such child, shall be fined not more than five hundred dollars or imprisoned not more than ten tears or both."

[2] At trial, to protect the identities of the minor children, the victims were referred to as X and Y. We shall do likewise.

[3] Although X testified as to having seen one of the photographs, none was introduced into evidence.

by the defendant, X did not inform her mother of the abusive treatment.

In February, 1993, the family moved to East Windsor, where they resided until December, 1994. While living there, the defendant continued to abuse X. On several occasions, while X's mother was at work, the defendant would pull X on top of him as he lay on his bed and rub her back and buttocks over her nightgown and ask her to say that she loved him.

During another occasion, while X was taking a shower, the defendant entered the bathroom and turned the lights on and off. X, peeking from behind the curtain, observed the defendant standing near the bathroom door, yelled at him to stop playing with the lights and continued showering. Hearing the door close, X assumed that the defendant had left. Moments later, wearing nothing, the defendant opened the curtain and entered the bathtub, laughing at X. Immediately thereafter, the defendant touched X's vaginal area with his hand. X then ran naked from the bathroom into a bedroom that she shared with Y and immediately told Y about the incident. X did not inform her mother of the incident because she was ashamed and fearful of retaliation by the defendant, who had said, "If you tell your mother, you'll see what happens to you."

In August, 1994, during the course of a study to determine which parent should be given custody of G, a social worker questioned X as to whether the defendant physically abused her. Referring to the defendant's treatment of X and Y, X informed the social worker that the defendant would push them downstairs, twist their arms and grab them around the neck and squeeze hard.

X eventually informed her mother and aunts about the incidents and the defendant's behavior. On June 17 and 21, 1996, X provided statements concerning the

defendant's behavior and the incidents to the Windsor Locks and East Windsor police, respectively.

On July 30, 1996, by two separate informations, the defendant was charged in connection with his conduct involving X and Y. As to X, the defendant was charged with third degree sexual assault in violation of General Statutes § 53a-72a (a) (1) (A), third degree assault in violation of General Statutes § 53a-61 (a) (1) and risk of injury to a child in violation of § 53-21. As to Y, the defendant was charged with two counts of risk of injury to a child in violation of § 53-21. The defendant elected a trial to the court.

On January 22, 1998, the trial court acquitted the defendant of the sexual assault count involving X and the two risk of injury counts involving Y. The trial court, however, found the defendant guilty of the assault and risk of injury counts involving X.

On April 3, 1998, the trial court granted the defendant's motion for judgment of acquittal as to the charge of third degree assault because the charge was outside the applicable statute of limitations. The court sentenced the defendant on one count of risk of injury to a child to ten years imprisonment, execution suspended after three years, and five years probation. This appeal followed.

I

The defendant first claims that the trial court improperly admitted the testimony of a social worker concerning hearsay statements made to her by X. The defendant contends that the trial court improperly admitted the testimony under both (1) the exception to the hearsay rule for statements made to an attending medical provider and (2) the constancy of accusation witness doctrine. We conclude that the trial court did not abuse its discretion.

The following additional facts are relevant to the resolution of this claim. During the trial, a social worker who treated X and Y to address symptoms related to sexual and physical abuse, testified as to X's statements to her concerning the incident in the shower. The defendant objected to the testimony on the ground that the testimony exceeded the parameters for constancy of accusation testimony articulated in *State* v. *Troupe*, 237 Conn. 284, 304–305, 677 A.2d 917 (1996).[4] The trial court overruled the objection and admitted the testimony under the exception to the hearsay rule for statements to an attending medical provider.

"Hearsay is an out-of-court statement that is offered to establish the truth of the matters contained therein. *State* v. *Sharpe*, 195 Conn. 651, 661, 491 A.2d 345 (1985)." *State* v. *Adams*, 52 Conn. App. 643, 657, 727 A.2d 780, cert. granted on other grounds, 249 Conn. 907, 733 A.2d 226 (1999). The medical treatment exception to the hearsay rule "allows into evidence out-of-court statements made by a patient to a physician as long as (1) the declarant was seeking medical diagnosis or treatment, and (2) the statements are reasonably pertinent to these ends." *State* v. *Dollinger*, 20 Conn. App. 530, 534, 568 A.2d 1058, cert. denied, 215 Conn. 805, 574 A.2d 220 (1990). "On appeal, the trial court's rulings on the admissibility of evidence are accorded great deference. . . . Rulings on such matters will be disturbed only upon a showing of clear abuse of discretion." (Citations omitted; internal quotation marks omitted.) *State* v. *Jurgensen*, 42 Conn. App. 751, 754, 681 A.2d 981, cert. denied, 239 Conn. 931, 683 A.2d 398 (1996).

---

[1] We note that the defendant asserts in his brief that the trial court allowed the social worker to "testify as to specific statements made by X . . . to her regarding the specific allegations" without specifying which portions of the testimony were objectionable. Our review of the record and transcript reveals that the only statements X made concerning any specific allegation to which the social worker testified related to the incident in the shower.

In the present case, the out-of-court statements were made by X to a *social worker*, not to a physician. The medical treatment exception was, therefore, inapplicable. Accordingly, we conclude that the trial court improperly admitted the social worker's testimony under the medical treatment exception.

While the trial court improperly admitted the social worker's testimony concerning X's out-of-court statements under the medical treatment exception, "we can [still] sustain the admission of the evidence if other proper grounds exist for admission of the statement[s]." *State* v. *Williams*, 48 Conn. App. 361, 367, 709 A.2d 43, cert. denied, 245 Conn. 907, 718 A.2d 16 (1998). The admission of the social worker's testimony can be sustained under the constancy of accusation doctrine discussed in *State* v. *Troupe*, supra, 237 Conn. 293–306.

In *Troupe*, our Supreme Court concluded that "a person to whom a sexual assault victim has reported the assault may testify only with respect to the fact and timing of the victim's complaint; any testimony by the witness regarding the details surrounding the assault must be strictly limited to those necessary to associate the victim's complaint with the pending charge, *including, for example*, the time and place of the attack or the identity of the alleged perpetrator. . . . Thus, such evidence is admissible only to corroborate the victim's testimony and not for substantive purposes." (Emphasis added.) Id., 304. The court noted that the doctrine, as articulated in *Troupe*, "does not affect those cases in which the details of a sexual assault complaint are otherwise admissible . . . ." Id., 304 n.19.

As we noted in *State* v. *Orhan*, 52 Conn. App. 231, 243, 726 A.2d 629 (1999), "[t]he controlling language from *Troupe* does not limit the identifying information that may be provided. It limits only the extent of the information provided. Our Supreme Court merely gave

examples of how a sexual assault might be identified; it did not hold that that was the only testimony that could be provided."

In the present case, the social worker's testimony concerning the statements made to her by X corroborated X's testimony and indicated only that X had told her of an instance in which the defendant entered the bathroom, got into the bathtub while X was showering and touched her vaginal area. "[W]hether evidence is admissible under the constancy of accusation doctrine is an evidentiary question that will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice." (Internal quotation marks omitted.) Id., 243. After reviewing the transcripts and record, we conclude that the trial court properly admitted the social worker's constancy of accusation testimony because the testimony was not contrary to the parameters set forth in *Troupe*, nor has there has been a showing of substantial prejudice or injustice.

## II

The defendant claims last that the trial court improperly permitted X and Y to testify as to the hearsay statements of Y and X respectively under the excited utterance exception to the hearsay rule. This claim is without merit.

As we previously stated, we afford the trial court great deference concerning rulings as to the admissibility of evidence and we will not disturb them unless there has been "a showing of clear abuse of discretion." (Internal quotation marks omitted.) *State* v. *Adams*, supra, 52 Conn. App. 657. A clear abuse of discretion has not been demonstrated in this case.

"In *Perry* v. *Haritos*, 100 Conn. 476, 124 A. 44 (1924), our Supreme Court recognized the spontaneous utterance exception to the hearsay rule. This exception

allows otherwise inadmissible statements into evidence to prove the truth of the matter asserted if it is proven that (1) the declaration follows some startling occurrence, (2) the declaration refers to the occurrence, (3) the declarant observed the occurrence, and (4) the declaration is made under circumstances that negate the opportunity for deliberation and fabrication by the declarant." (Internal quotation marks omitted.) *State* v. *Guess*, 44 Conn. App. 790, 803, 692 A.2d 849 (1997), aff'd, 244 Conn. 761, 715 A.2d 643 (1998). With these principles in mind, we now address the defendant's claims in turn.

A

The defendant first claims that the trial court improperly admitted Y's testimony concerning X's statements to her relating to the incident in the shower involving X. Specifically, the defendant contends that the utterances were not made by a person having an opportunity to observe the event and were made after the declarant had an opportunity for deliberation or fabrication. We disagree.

Our review of the record and transcript reveals that X's statements to Y concerning the incident in the shower were made immediately after its occurrence. Immediately after the defendant entered the bathtub and touched her, X ran into her bedroom and told Y what had occurred. Thus, X had no opportunity to fabricate or deliberate before she told Y about the incident. Additionally, as the victim, X had every opportunity to observe the incident. Accordingly, we conclude that the trial court did not abuse its discretion in admitting Y's testimony under the excited utterance exception to the hearsay rule.

B

The defendant next claims that the trial court improperly admitted X's testimony concerning Y's statements

to her relating to an assault on Y. Specifically, the defendant contends that the utterances were not made by a person having an opportunity to observe the event and were made after the declarant had an opportunity to deliberate or fabricate. We are not persuaded.

The following additional facts are relevant to the resolution of this claim. During the trial, over a hearsay objection by the defendant, the trial court admitted testimony by X concerning statements made to her by Y describing an incident in which the defendant had hit Y against a wall. X testified that she was in a room near the location of the incident and that she heard a thump. Immediately thereafter, Y, crying, came into the room and told X that the defendant had hit her against the wall.

Our review of the record and transcript reveals that Y's statements to X concerning the assault were made immediately after its occurrence. Immediately after X heard a thump, Y, crying, entered the room where X was and told X that the defendant had hit her against the wall. Thus, Y had no opportunity to fabricate or deliberate before she told X about the incident. Additionally, as the victim, Y had every opportunity to observe the incident. Accordingly, we conclude that the trial court did not abuse its discretion in admitting X's testimony under the excited utterance exception to the hearsay rule.

Finally, even if we assume, arguendo, that the trial court improperly admitted all of the challenged testimony provided by the social worker and the victims, the admission of the testimony was harmless. Claims of erroneous evidentiary rulings do not implicate the constitution. *State* v. *Walsh*, 52 Conn. App. 708, 720, 728 A.2d 15, cert. denied, 249 Conn. 911, 733 A.2d 233 (1999). "In nonconstitutional claims, the defendant has the burden of demonstrating the harmfulness of the

claimed error. . . . He must show that it is more probable than not that the claimed error affected the verdict." (Citation omitted; internal quotation marks omitted.) Id.

In the present case, the defendant challenges the trial court's admission of testimony by the social worker, Y and X. The trial court, however, acquitted the defendant of the sexual assault count involving X and all of the counts involving Y, despite the admission of the challenged testimony.

The trial court's admission of the challenged testimony was also harmless as to the risk of injury count involving X, of which the defendant was convicted. There was ample evidence to support the defendant's conviction apart from the challenged testimony. X testified that the defendant pulled her hair and punched her hands, arms and head with a closed fist. X further testified that the defendant took photographs of her naked in the bathtub and that the defendant would have X come into his bedroom and lie on top of him while he rubbed her back and buttocks over her nightgown. Such behavior previously has been determined by our courts to be sufficient to convict a defendant of risk of injury to a child. See *State* v. *Peters*, 40 Conn. App. 805, 825–26, 673 A.2d 1158, cert. denied, 237 Conn. 925, 677 A.2d 949 (1996) (shoving, punching and choking of victim sufficient to support conviction of risk of injury to child); *State* v. *Palangio*, 24 Conn. App. 300, 304, 588 A.2d 644, cert. denied, 218 Conn. 911, 591 A.2d 813 (1991) (photographing naked or partially clad children can be, in certain circumstances, a violation of § 53-21). Therefore, the defendant has failed to demonstrate that it was more probable than not that the exclusion of the testimony would have affected the verdict. Accordingly, we conclude that any error in admitting the challenged testimony was harmless.

The judgment is affirmed.

In this opinion the other judges concurred.